Mathews, J.
delivered the opinion of the court. These suits, having been consolidated in the district court, by the consent of the parties, were submitted to a jury, who found for the defendants, upon which judgment was afterwards rendered on the motion of their attorney. Upon this one of them, Harman, took the present appeal.
The verbal evidence purporting to have been taken down jn tvriting, according to the 12th section of the act of the 28th of January, 1817, comes up with the record, and is to serve as a statement of facts; This is objected to, by the appellee’s counsel, because there is no certificate of the district judge, that all the testimony in the cause accompanies the record. The law under which the verbal evidence, in this case, was reduced to writing and sent up with the record, requires no such certificate, and títere is no rule of court (admitting that such cóuld be legally made) that re* quires it.
Dick for the plaintiff, Grytnes for the defendant-
We are of opinion, that in all cases, wherein the depositions appear, as having been taken in conformity wit’s the law cited, it ought to be presumed, that the record contains the whole evidence until a suggestion be made to the contrary. The written evidence produced by both parties is required to be filed with the proceedings, unless the parties or their counsel agree to re d them in evidence on the appeal. When thus fiied, it seems, from the expressions in the 13th section of the same act, that they make part of the record, and the certificate of the district judge is only required in cases, in which facts proven appear by written documents.
The judgments, in the present cases, were given at the instance of the defendants, and agreea bly to their request. According to the maxim volenti non jit injuria, they have no right to appeal. Indeed, many of the proceedings are so anomalous, that it is difficult to know how to dispose of this case, but as we are of opinion, that under the circumstances of it, damages ought not. to be given, at in cases of appeals taken for delay only.
It is, therefore, ordered, adjudged and decreed, that the appeal be dismissed at the costs of the appellant.